IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:06 CR 24

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>      Plaintiff, | )<br>)<br>) |
| vs. | )<br>)<br>) |
| JOSIAH CHARLES MCMANUS,<br>      Defendant,<br>and | )<br>)<br>)<br>) |
| BANK OF AMERICA,<br>      Garnishee. | )<br>) |

## ORDER

This matter is before the Court on the Government's Motion for Order of Continuing Garnishment (Doc. 81).

The Motion represents as follows:

On November 1, 2006, Defendant was sentenced for his conviction of speeding to elude arrest. As a term of the resulting Judgment, Defendant was ordered to pay an assessment of $100.00 and restitution of $9,043.84 to the victims of the crime. The balance of this debt as of November 8, 2019 was $1,417.67. Id. at ¶ 1.

On November 12, 2019, the Court entered a Writ of Continuing Garnishment ("Writ"). Id. at ¶ 3.

On November 13, 2019, the Government mailed the garnishment package to Defendant and the Garnishee by certified mail. However, Defendant's package was returned as undeliverable. Id. at ¶ 4.

The Garnishee received the Writ on November 8, 2019. Id.[1]

On December 9, 2019, the Garnishee filed its Answer, which indicates that the Garnishee has in its custody, control, or possession property or funds owed by or owing to Defendant, in particular, $235 in non-earnings held in a checking account. Id. at ¶ 5.

On February 19, 2020, the Government "served the Defendant by Federal Express...." Id. at ¶ 4.

Defendant has not requested a hearing with regard to the potential garnishment of the subject funds. Id. at ¶ 7.

The Government now seeks an order of continuing garnishment directing the Garnishee to pay the balance of the funds it is holding to the United States.

Pursuant to the Federal Debt Collection Procedures Act, a judgment debtor or the United States may file a written objection to the answer of a

---

[1] The Garnishee indicates in its Answer (Doc. 80) that it received the Writ on this date, though presumably the reference is erroneous, as the Writ was not entered until November 12, 2019.

garnishee and request a hearing. Such filings are due "within 20 days after receipt of the answer." 28 U.S.C. § 3205(c)(5).

Some courts have indicated that the debtor's objection deadline may be calculated as twenty-three days from the date of the service of the Garnishee's Answer. See United States v. Womack, No. 1:12-CR-176-1, 2014 WL 1757366, at *3 (M.D.N.C. Apr. 30, 2014), report and recommendation adopted, No. 1:12-CR-176-1, 2014 WL 2628539 (M.D.N.C. June 11, 2014); United States v. Jenkins, No. 3:05-CR-244, 2014 WL 202007, at *3 (E.D. Va. Jan. 17, 2014) (citing 28 U.S.C. § 3205(c)(5); Fed.R.Civ.P. 5(b)(2)(C); Fed.R.Crim.P. 45(c) (debtor could have filed an objection to garnishee's answer and requested a hearing on the objection within twenty-three days of the date garnishee mailed a copy of its answer to debtor).

Here, the record does not identify a specific date on which Defendant received the Garnishee's Answer. In addition, there is some question as to whether that document reached Defendant at all.

While the Government sent the Writ and other information to Defendant on November 13, 2019, those items were returned as undeliverable. It is similarly unclear whether the Garnishee's Answer, which was served by the Garnishee subsequently, was forwarded to Defendant at the same address. Further, while the Government was successful later in delivering a packet of

information to Defendant via Federal Express, the record does not reveal whether that packet included the Garnishee's Answer.[2]

In sum, because the current record is not sufficiently clear as to whether Defendant received the Garnishee's Answer, the Court is unable to conclude that Defendant has been given the required opportunity to request a hearing.

Accordingly, the Government's Motion for Order of Garnishment (Doc. 81) is **DENIED WITHOUT PREJUDICE**.

Signed: June 4, 2020

W. Carleton Metcalf
United States Magistrate Judge

---

[2] A copy of the delivery confirmation has been filed but the address has been redacted. (Doc. 81-1). Thus, the undersigned cannot determine whether the Federal Express delivery was made to the same address used by the Government for its November 13, 2019 mailing and/or the same address used by Garnishee when it mailed its Answer on December 6, 2019.